UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARTIN WERNER,

Plaintiff,

v.

EXECUTIVE BRANCH,
SENATOR PAUL WELLSTONE, et al.,

Defendants.

Civil No. 01-942 (MJD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Martin Werner's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 3), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the IFP application be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. BACKGROUND

Plaintiff's complaint lists 60 Defendants (by the Clerk of Court's reckoning), who allegedly have violated Plaintiff's rights under federal law. Most of the Defendants are governmental entities, agencies and employees, including past U.S. Presidents, the U.S. Senate and House of Representatives, individual U.S. Senators, members of the federal judiciary, municipalities, and local federal prosecutors. Other Defendants are public media corporations, (such as "Fox News," "Cable News Network," "A.B.C." and the "Disney Company"), and public figures associated with the media, (such as Ted Turner, William

FILED JUN 0 6 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

F. Buckley, Jane Pauley, Lesley Stahl and Michael Eisner).

As far as the Court can tell, Plaintiff is claiming that Defendants have failed to acknowledge and publicize certain purported scientific principles that Plaintiff has allegedly discovered. Plaintiff describes his "discovery" as follows:

> "[T]he alphabet and its alphabetical order, the commonly used numerals and multiple - representations, and phonetic orthography are the products of the complex mind-fusion of our Creator.... The so-called Roman alphabet in the alphabetical order brings about systematic differences of three and one when matched with the so-called Arabic numerals in a comparison of complete, upright, alphanumeric containment - matches.... Since these differences of three and one match the 31 parts of phonetic orthography for the so-called English language, the creation of the letters, alphabetical order, numerals, and phonetic orthography was clearly simultaneous. In the alphanumeric group of 72 symbols, there are 54 letters and 18 numerals, which is a ratio of 3 to 1: further substantiation of simultaneous creation."

Based on this alleged discovery, Plaintiff claims that he "is the Father of science, history and division." He further claims that the various Defendants have suppressed his discovery, and are thereby "both concealing and maintaining their respective participations in an ongoing, sadistic, treasonous, genocidal conspiracy." Plaintiff is seeking billions of dollars in damages from the various Defendants.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

The Supreme Court has held that federal courts, acting sua sponte, cannot properly dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed (sua sponte) if the plaintiff's factual allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In some cases, it may be difficult to judge whether a plaintiff's factual allegations are truly "delusional," or merely "unlikely." In this case, however, that is an easy call to make. It is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational or the wholly incredible."

Thus, the Court concludes that Plaintiff's complaint is "frivolous," as that term has been defined by the Supreme Court. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to § 1915(e)(2)(B)(i).[1]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

---

[1] Plaintiff has also filed a document entitled "motions," (Docket No. 3), asking the Court to issue warrants for the arrest of many of the Defendants. Based on the Court's determination that this action is frivolous, and must be dismissed, it will be further recommended that Plaintiff's "motions" be denied.

2. Plaintiff's self-styled "motions," (Docket No. 3), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: June 6, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 22, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.